UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STRATEGIC IMPORT SUPPLY, LLC N/K/A PENN STRATEGIC IMPORTS, INC. D/B/A PENN TIRES, | Case No. 22-CV-1699 (PJS/DJF) |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM L. MEYERS, | |
| Defendant. | |

---

Heather L. Marx, Thomas G. Wallrich, and Cassandra Jacobsen, COZEN O'CONNOR, for plaintiff.

David Bradley Olsen, Scott A. Neilson, HENSON & EFRON, P.A.; Scott E. Atwood, HENDERSON, FRANKLIN, STARNES & HOLT, for defendant.

This matter is before the Court on the motion of defendant William L. Meyers to dismiss one of the claims of plaintiff Strategic Import Supply, LLC ("Strategic Import"). Meyers's motion implicates two unfortunate aspects of modern civil litigation. The first is the practice of many plaintiffs' attorneys to include an unjust-enrichment claim in every civil complaint, even when the facts pleaded in the complaint make clear that recovery on such a claim is extremely unlikely. The second is the practice of many defense attorneys to bring a motion to dismiss in every case, even when the motion has little chance of being granted—or when the motion has a chance of being granted as to a claim, but the dismissal of that claim will have no practical impact on the litigation.

I.  BACKGROUND

In 2009, plaintiff Strategic Import Supply, LLC ("Strategic Import") hired defendant William L. Meyers to provide "general accounting and financial control management services" to Strategic Import and its affiliates.  Compl. ¶ 4, ECF No. 1-2.[1] Meyers signed an employment agreement and, pursuant to that agreement, he worked as Strategic Import's Chief Financial Officer from 2009 until 2021.  Pl.'s Mem. Opp'n Mot. Dismiss 2, ECF No. 18; Compl. ¶ 2.  In that role, Meyers had primary responsibility for all of Strategic Import's financial operations.  Compl. ¶¶ 6-7.  According to Strategic Import, a recent audit revealed a number of ways in which Meyers failed to adequately perform his financial-oversight duties, resulting in a sizeable misstatement of the value of certain inventory.  Id. ¶ 10.

Strategic Import brought this lawsuit against Meyers, seeking to recover damages to compensate for the harm that Strategic Import allegedly suffered as a result of Meyers's failures.  Strategic Import's complaint includes claims of breach of contract, professional negligence, breach of fiduciary duty, and unjust enrichment.  Id. ¶¶ 14–32. Meyers has now moved to dismiss the unjust-enrichment claim.

---

[1]Contrary to footnotes in both parties' briefing, neither party has succeeded in docketing the contract at issue in this case.  Without the agreement itself in hand, the Court has relied on reasonable inferences drawn from the complaint.

## II.  ANALYSIS

### A.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Du Bois v. Bd. of Regents*, 987 F.3d 1199, 1202 (8th Cir. 2021).

### B.  Unjust-Enrichment Claim

"To establish an unjust enrichment claim, the claimant must show that the defendant has knowingly received or obtained something of value for which the defendant 'in equity and good conscience' should pay."  *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) (quoting *Klass v. Twin City Fed. Sav. & Loan Ass'n*, 190 N.W.2d 493, 494–95 (Minn. 1971)).  Meyers argues that Strategic Import's unjust-enrichment claim should be dismissed primarily because under Minnesota law—which the parties agree governs the dispute—the equitable doctrine of

unjust enrichment "does not apply when there is an enforceable contract that is applicable." *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 838 (Minn. 2012).

On that point, Meyers is certainly correct. *See Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014) ("So long as an adequate legal remedy exists, equitable remedies like unjust enrichment are not available.") (citing *ServiceMaster of St. Cloud*, 544 N.W.2d at 306). The reasoning is simple. Here, the relationship between the parties is governed by a contract. Meyers agreed to provide specific services to Strategic Import, and Strategic Import agreed to pay him for those services. If Meyers failed to provide those services, he is liable for breach of contract. And if he did provide those services, he was not enriched "unjustly." Either way, Strategic Import cannot recover for unjust enrichment.

Strategic Import largely concedes that its breach-of-contract claim is not compatible with its unjust-enrichment claim, but Strategic Import insists that it is permitted under Fed. R. Civ. P. 8(d) to plead in the alternative. This is the response that is typically given by a plaintiff when a defendant moves to dismiss an unjust-enrichment claim in a breach-of-contract action. The problem with the response is that it misses the point. The Federal Rules of Civil Procedure do indeed authorize pleading in the alternative, but "under those same Federal Rules of Civil Procedure, each of the

alternative claims must be plausible." *Moreno v. Wells Fargo Bank, N.A.*, 18-CV-2760 (PJS/DTS), 2019 WL 1438248, at *7 (D. Minn. Apr. 1, 2019).

As noted above, *Twombly* and *Iqbal* require that a claim must be dismissed unless the complaint "contain[s] sufficient factual matter" to make the claim "'plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Neither *Twombly* nor *Iqbal* creates an exception from the plausibility requirement for claims that are pleaded in the alternative. If a complaint pleads "Claim A" and "Claim B" in the alternative, the plausibility of *each* claim must be independently assessed based on the facts pleaded in the complaint. And that means that Strategic Import's unjust-enrichment claim must be dismissed unless Strategic Import's complaint pleads facts that make the claim plausible.

It does not. Strategic Import's unjust-enrichment claim faces two obvious challenges. First, Strategic Import pleads that Meyers's work as Chief Financial Officer was governed by an employment agreement. Compl. ¶¶ 4–6. As the Court has already noted, it is black-letter law in Minnesota that a plaintiff cannot recover for unjust enrichment "when there is an enforceable contract that is applicable." *Caldas*, 820 N.W.2d at 838. In order to plead a plausible claim for unjust enrichment, then, Strategic Import must plead (at least in the alternative) that it did not have a contract with Meyers or that its contract with Meyers was not enforceable for some reason or that

Meyers received extra-contractual payments—and, in support of that allegation, Strategic Import must plead "enough facts" to make its allegation "plausible on its face." *Twombly*, 550 U.S. at 570. Strategic Import has not pleaded (plausibly or otherwise) that any of this is true, and thus it has not pleaded a plausible unjust-enrichment claim. *See Baumgardner v. Bimbo Food Bakeries Distrib.*, 697 F. Supp. 2d 801, 816 (N.D. Ohio 2010) ("While alternative pleading of unjust enrichment and breach of contract can be permissible, it is inappropriate in situations . . . where the complaint sets forth no plausible basis to invoke unjust enrichment because there is no dispute that the [contract] is valid and that the conduct complained of is explicitly covered by that express contract." (quotation marks and citations omitted)).

Second, it is also black-letter law in Minnesota that "[a] party may not have equitable relief where there is an adequate remedy at law available." *ServiceMaster of St. Cloud*, 544 N.W.2d at 305. "The right of recovery for unjust enrichment is equitable." *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992). And thus, a party may not recover for unjust enrichment unless that party does not have an adequate legal remedy. *United States v. Bame*, 721 F.3d 1025, 1030 (8th Cir. 2013).

Strategic Import has asserted two legal claims against Meyers—one for breach of contract and the other for professional negligence. Strategic Import cannot recover on

its equitable unjust-enrichment claim unless it fails to recover on its two legal claims.  In other words, the unjust-enrichment claim is not plausible unless, based on the facts pleaded in the complaint, Meyers could be found *both* to have fulfilled all of his duties under his employment agreement (defeating the breach-of-contract claim) *and* to have met all of the standards of his profession (defeating the professional-negligence claim) and yet somehow be found to have been unjustly enriched.  No set of facts pleaded in the complaint (even in the alternative) provides a route to that extremely unlikely conclusion.  In sum, then, Strategic Import's unjust-enrichment claim is not plausible, and it must be dismissed.

Unfortunately, none of this really matters as a practical matter.  The dismissal of the unjust-enrichment claim will not affect Strategic Import unless it cannot recover for breach of contract *or* for professional negligence *or* for breach of fiduciary duty.  But if Meyers fulfilled all of his contractual obligations, and met all of the standards of his profession, and fulfilled all of his fiduciary duties, then it is impossible (at least for the Court) to imagine how he could be found to have been unjustly enriched.

At the same time, the dismissal of the unjust-enrichment claim has no practical impact on Meyers.  The claim poses no threat to Meyers (for the reasons just discussed), and its dismissal will not in any way narrow the scope of discovery or reduce the need for motions practice.

To be sure, all of the parties acted within their rights—Strategic Import when it included an unjust-enrichment claim in its complaint, Meyers when he moved to dismiss that claim, and Strategic Import when it opposed that motion.  At bottom, though, the time and effort of the attorneys (and the Court) were not well spent.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.     Defendant's motion to dismiss [ECF No. 3] is GRANTED; and

2.     Count IV of Plaintiff's Complaint [ECF No. 1-2] is DISMISSED WITHOUT PREJUDICE.

Dated:  November 4, 2022                   s/Patrick J. Schiltz
                                                          Patrick J. Schiltz, Chief Judge
                                                          United States District Court

-8-